|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NATHANIEL WILLIAMS,

      Petitioner,                    No. CIV S-07-1925 FCD GGH P

   vs.

CLAUDE E. FINN,

      Respondent.              ORDER

_____/

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2005 conviction for the prison disciplinary of refusing to work in violation of Cal. Code Regs. tit. 15, § 3041(a). For the following reasons, respondent is ordered to file further briefing.

      The rules violation report, prepared by D. Garcia, describes the offense as follows:

> On Wednesday, June 01, 2005, at approximately 0900 hours, inmate WILLIAMS, C-41352, C-137, assigned to Culinary as a clerk was given verbal instructions to assist and unload supplies from the warehouse. Inmate WILLIAMS stated, "That's not my job." I CSC Garcia questioned Williams, "Are you refusing work?" Inmate WILLIAMS stated, "Yes, I am." I then called Correctional Sergeant Hererra into the Culinary and explained to him what was going on. Correctional Sergeant Hererra confronted inmate WILLIAMS to verify his refusal. Correctional Sergeant Hererra then came to me and stated that if Inmate WILLIAMS did not perform his duties as instructed it would be considered refusing to work. I again approached inmate WILLIAMS who was not performing his duties as instructed, I then keyed culinary grill gate and escorted

him to Accountability Officer C. Nowak who then checked him off the roster and escorted him back to his living unit.

Answer, Exhibit 2.

The petition raises two claims. First, petitioner alleges that the hearing officer refused his request to call Dr. Fox as a witness. Petitioner claims that Dr. Fox would have testified that petitioner was on light restricted duty due to his back injury. Attached to the petition as exhibit B is a chrono prepared by Dr. Fox on January 28, 2005, stating that petitioner was authorized to use a back brace for one year due to a medical condition. Also attached to the petition as exhibit B are two other chronos prepared by Dr. Fox on August 3, 2005. These chronos state that petitioner should be assigned to a lower tier and lower bunk due to his medical condition and that he is authorized to be on light restricted duty for six months, which includes no lifting greater than 15 pounds. Petitioner presents no chronos stating that he was on light restricted duty at the time of the incident.

The rules violation report states that petitioner did not request witnesses. Answer, Exhibit 2. On this ground, respondent argues that petitioner's claim that he was denied witnesses should be denied.

In his second claim, petitioner contends that lifting the warehouse supplies was not in his job description. Respondent argues that whose instructions petitioner must follow and the details of his work duties are not federal issues. Respondent contends that the terms of petitioner's work assignment are merely a condition of confinement which are also not cognizable in habeas.

Petitioner is alleging that there was insufficient evidence to support his conviction because he was not assigned to D. Garcia's butcher crew. Petition, p. 5. Petitioner claims that the job description for D. Garcia's crew provided that the inmate must be able to lift 50 pounds.

/////

/////

1  Id.  Petitioner claims that he was assigned to a different supervisor as a clerk light duty due to his
2  medical condition.  Id.  Petitioner claims that on the day of the incident, his supervisor had
3  stepped out of the office.  Id.  Petitioner claims that D. Garcia took it upon himself to force
4  petitioner to do work he was not assigned to do and could not do.

5       Due process is satisfied if there is "some evidence" in the record to support the
6  finding at issue.  Superintendent v. Hill, 472 U.S. 445, 455-56 (1985).  Petitioner was found
7  guilty of violating Cal. Code Regs. tit. 15, § 3041(a) which provides,

> Inmates must perform assigned tasks diligently and conscientiously.  Inmates must not pretend illness, or otherwise evade attendance or avoid performance in assigned work and program activities, or encourage others to do so.

10  Cal. Code Regs. tit. 15, § 3041(a).

11       Cal. Code Regs. tit. 15, § 3040 (I) provides that inmates are to be given job
12  descriptions:

> A job description shall be developed for each inmate/work training position, establishing the minimum standards of acceptable participation and performance and the possible consequences of failure or refusal to meet the standards.  The inmate shall sign a copy of the job description, indicating acceptance of the conditions of employment, and shall receive a copy.

16  Cal. Code Regs. tit. 15, § 3040(I).

17       So that the court may evaluate petitioner's claim, respondent is ordered to provide
18  the court with a copy of petitioner's job description and job qualifications.  Respondent shall also
19  file documentation or short briefing addressing whether D. Garcia was petitioner's job supervisor
20  on June 1, 2005.  Following receipt of this further briefing, the court shall determine whether an
21  evidentiary hearing is warranted.  The court may wish to explore the weight of the boxes D.
22  Garcia asked petitioner to lift. The court may also need to explore whether petitioner was
23  physically capable of lifting the boxes on June 1, 2005.  See August 3, 2005, chrono assigning
24  petitioner to light duty.
25  /////
26  /////

1 Accordingly, IT IS HEREBY ORDERED that within twenty days of the date of
2 this order, respondent shall file the further briefing described above.
3 DATED: 07/17/08

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

will1925.fb