UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL WILLIAMS,<br><br>       Petitioner,<br><br>v.<br><br><br>CLAUDE E. FINN, Warden,<br><br>       Respondent. | Case No. 2:07-cv-01925-AK<br><br><br><br><br>ORDER |

   In 1982, Nathaniel Williams pleaded guilty to first-degree murder and was sentenced to 25 years to life in state prison. In 2005, he was disciplined for refusing to perform his prison job duties in violation of section 3041(a) of the California Code of Regulations title 15. Williams petitions pro se for a writ of habeas corpus challenging the discipline imposed as a result of the 2005 disciplinary proceedings.

   Williams was assigned to culinary duty and refused to unload supplies, claiming to have a medical restriction on how much weight he could lift. At Williams's disciplinary hearing, the hearing officer found that a preponderance of

the evidence supported the charge of refusing to work and assessed 30 days' forfeiture of good time credit, 10 days' loss of privileges and 30 hours of extra duty. The order was affirmed on administrative appeal.

Williams then filed a habeas petition in San Joaquin County Superior Court, claiming that he was denied due process because the hearing officer didn't call his doctor or other medical staff as witnesses to confirm that Williams couldn't lift objects heavier than 15 pounds. The court denied the petition, finding that Williams waived the presence of any witnesses at the disciplinary hearing and, while he did suffer a work related injury to his back and hamstring in 2004, there was no documented restriction on the type of work he could perform in June 2005 when he refused to unload supplies. The state appellate and supreme courts summarily affirmed. Williams then filed a federal habeas petition, claiming he was denied due process because he was ordered to do work that was not in his job description and because the hearing officer didn't call his doctor as a witness.

A federal court can only grant Williams's habeas petition if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . [or] was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Prison

disciplinary decisions revoking good time credits must be upheld if they are supported by "some evidence." Superintendent v. Hill, 472 U.S. 445, 455–57 (1985). A federal court looks to the last reasoned state court decision to make that determination. Ylst v. Nunnemaker, 501 U.S. 797, 803–04 (1991).

The Superior Court here reasonably applied this standard in finding that some evidence supports the hearing officer's conclusion that Williams refused to unload supplies without a valid documented medical excuse. The record contains a correctional officer's report that Williams refused to work, as well as Williams's own admission. While Williams demonstrated that he was authorized to wear a back brace, he produced no documentation that he was restricted to light duty or limited in how much weight he could lift at the time of the incident.

Williams also argues that he was not required to obey the correctional sergeant who ordered him to unload supplies, because the sergeant was not his supervisor and that specific task wasn't in his job description. But Williams's job was not classified as a light duty position and did not restrict his work to the activities specifically listed. On the contrary, his job description states repeatedly that he must perform "[a]ny other duties as required." It's immaterial that the officer who ordered Williams to unload the kitchen supplies was not his supervisor on the date of the incident, because his job description further required him to obey

any officer's orders: "You will be expected to perform any additional duties requested or ordered by your supervisor <u>and staff</u> [emphasis added]."

As to Williams's contention that he was denied due process because the hearing officer did not call his doctor as a witness, the record shows that Williams requested the presence of only one witness and this person wasn't on the medical staff. Williams later waived having even this person at the hearing. The Superior Court's ruling on this point thus was not unreasonable.

Williams also moves for appointment of counsel. There is no right to appointment of counsel in habeas proceedings. <u>Nevius</u> v. <u>Sumner</u>, 105 F.3d 453, 460 (9th Cir. 1996). A court may appoint counsel if it decides that "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Because Williams's claims clearly fail on the merits, the court does not find that the interests of justice would be served and denies the motion with prejudice.

The petition for a writ of habeas corpus is DENIED.

ALEX KOZINSKI
United States Chief Circuit Judge
Sitting by designation

May 19, 2009