UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL WILLIAMS,<br><br>      Petitioner,<br><br>v.<br><br><br>CLAUDE E. FINN, Warden,<br><br>      Respondent. | Case No. 2:07-cv-01925-AK<br><br><br><br>ORDER |

  Nathaniel Williams filed a motion for an extension of time to request a certificate of appealability and a request for a certificate of appealability on July 7, 2009, within thirty days of the deadline for filing a notice of appeal. Pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A)(ii), he must demonstrate excusable neglect. See, e.g., Mendez v. Knowles, 556 F.3d 757, 764 n.1 (9th Cir. 2009).

  Williams explains that his prison job and the prison library's limited hours of operation made it impossible for him to timely request a certificate of appealability. Four factors determine whether neglect is excusable: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its

potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." Pincay v. Andrews, 389 F.3d 853, 855 (9th Cir. 2004) (en banc) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)). All four factors favor granting Williams's request. In particular, there is no indication of bad faith and the reason for Williams's delay–the incompatibility of his prison work schedule with the prison library's hours of operation–was not "within [his] reasonable control." Id. Williams's request for an extension of time is therefore granted.

Williams also repeats his request for appointment of counsel. Pursuant to my May 19, 2009, order, this request is denied.

Turning to the merits, this court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, an issue must be "debatable among jurists of reason," capable of being resolved differently or "adequate to deserve encouragement to proceed further." Jennings v. Woodford, 290 F.3d 1006, 1010 (9th Cir. 2002) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). For the reasons stated in my May 19, 2009, order, none of the issues raised by Williams qualifies for a certificate of appealability. A certificate of

appealability is therefore **DENIED**.

	*[signature]*
	ALEX KOZINSKI
	United States Chief Circuit Judge
	Sitting by designation

December 15, 2009